EDWARD HOFRICHTER V. CHARLES ENYEART, ADMINIS-
TRATOR.

FILED MAY 5, 1904. No. 13,344.

Negotiable Paper: PROTEST. Presentment, notice and protest of ne-
gotiable paper, in order to be effectual to bind an indorser, must
be by one lawfully authorized by the holder to make them.

ERROR to the district court for Butler county: SAMUEL
H. SORNBORGER, JUDGE. *Reversed.*

*A. M. Post,* for plaintiff in error.

*A. M. Walling* and *Matt Miller, contra.*

AMES, C.

On the 24th day of September, 1901, the Platte Valley
State Bank issued, for value, a certificate of deposit for a
sum of money payable to the order of the plaintiff in
error Hofrichter, six months after date, upon a return of
the certificate properly indorsed. Afterwards, and be-
fore maturity, the certificate was, for value, delivered to
the intestate of the defendant in error, with the following
indorsement: "Pay to the order of Jacob Enyeart. Ed
Hofrichter." A few days before the instrument became
due, Enyeart entrusted it, without further indorsement,
to one Seiffe, with instruction to deliver it to one Stowell,
a notary public, for collection or for demand, notice and
protest. These instructions were wholly disregarded, and
the paper never came into the possession of Stowell, but
was delivered by Seiffe to a firm of attorneys who were
engaged in his own service. Upon becoming acquainted
with this fact, Enyeart caused to be transmitted to the
firm of attorneys, over his own name, a letter which is
lost, but the purport of which, as testified to by one of the
recipients, was that the certificate of deposit belonged to
the writer, and that he, the latter, "didn't want us to
take any steps toward collecting it, or to do anything with

it whatever; that it belonged to him, and that he didn't want us to transact any business for him of any kind or character." It thus appears that the instrument, doubtless, without the knowledge of the attorneys, at the time, came wrongfully into their possession; that they were expressly notified of that fact, immediately afterwards, and that, thenceforward, they had no more right or authority over or concerning it, than if it had remained in Enyeart's pocket, except that of mere custodians or naked bailees. On the day of the maturity of the certificate, the witness whose testimony has just been quoted, from excess of caution and for his own protection, demanded payment, and, upon refusal, gave the notice and made the protest usual in such cases.

Prior to the time of the presentment, the bank had suspended business and its assets had passed into the hands of a receiver in insolvency. No other demand or notice was given. This is an action by the administrator of Enyeart, now deceased, against the indorser. Upon the foregoing facts, which are not in dispute, the court instructed a verdict for the plaintiff; and the defendant prosecutes error. The sole question litigated is, whether the demand and notice were effectual to fix the liability of the indorser. To our minds, the answer is clearly evident. The law is settled, without conflict among authorities, that a demand or notice, to be effectual to bind an indorser, or discharge the maker or drawer paying to the person making it, must be by one having real or ostensible right to receive payment. 1 Parsons, Notes & Bills, p. 387; Bigelow, Bills (2d ed.), p. 100; 2 Randolph, Commercial Paper (2d ed.), sec. 572; Zane, Banking; sec. 240; 1 Daniel, Negotiable Instruments (5th ed.), sec. 455; *Lawrence v. Miller,* 16 N. Y. 235.

The notary in this instance had neither. The instrument was not current so as to be payable to bearer. If the notary had himself demanded payment on the day before or on the day after the attempted presentment and protest, the maker would have complied, at its peril, only

after satisfying itself by inquiry that the former had become the lawful holder of the instrument by purchase and assignment, or that he was the duly authorized agent of such holder. Presumptively, such inquiry would have elicited the truth, and the maker, in a suit against it by Enyeart, would have been charged with actual knowledge of all the facts it would have learned by such a quest. Why, then, was the situation, or the rights or obligations of the parties, different on the day of maturity? Counsel has offered neither argument nor authority to convince us. It is true, as he says, that a notary, entrusted by the owner of negotiable paper with its custody, is presumably authorized by his principal to demand payment, and to give notice and make protest, but that is a matter of presumption, only, which, like other such presumptions, may be rebutted by proof of the fact. He derives no authority from his notarial commission, and his certificate of protest creates no obligation upon anyone, but is, like other official certificates of like character, merely evidence of the truth of its own recitals. The liability of an indorser is fixed, if at all, by the demand and notice, not by the certificate of protest. In this instance, the recitals themselves fall short of showing authority from the lawful and apparent owner of the paper. It is recited that he made the presentment at the request, not of Enyeart, but of "Wm. Sieffe for Jacob Enyeart." Suppose the bank to have been "a going concern," and the demand to have been in that form; would not the very phrase itself have led the bank officials to inquire by what authority Sieffe made the request? And the notice that was served upon the indorser was in the same form, saying that the presentment and demand had been made "at the request of Wm. Sieffe for Jacob Hofrichter." Can this be said to be a notice that a presentment and demand had been made at the request of the indorsee? We think not, but, if so, it was notice of a supposed fact which, as the record proves, never occurred. It is quite clear to us, therefore, not only that no lawful demand was made, but that, if one

had been made, the paper served upon Hofrichter would not have been notice of it. Upon the facts disclosed by the record, the jury should have been instructed to return a verdict for the defendant.

It is recommended that the judgment of the district court be reversed and a new trial granted.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.